**William LASSITER, Plaintiff-Appellant,**

v.

**Correction Officer FLEMING, Queens House of Detention, Correction Officer Weaver, Badge No. 711, Queens House of Detention, Individually and in their official capacities, Defendants-Appellees.**

**No. 435, Docket 72–1876.**

United States Court of Appeals, Second Circuit.

Argued Feb. 1, 1973.

Decided Feb. 7, 1973.

---

Roger Boyle, New York City (Timothy R. Greiner, Flushing, on the brief), for plaintiff-appellant.

Beatrice Rothman, New York City (Norman Redlich, Corp. Counsel of the City of New York, Stanley Buchsbaum, New York City, on the brief), for defendants-appellees.

Before ANDERSON, FEINBERG and MULLIGAN, Circuit Judges.

PER CURIAM:

Plaintiff William Lassiter appeals from a judgment of the United States District Court for the Eastern District of New York after a non-jury trial before Jack B. Weinstein, *J.*, dismissing his claim for damages under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against defendants Raymond Fleming and Willis A. Weaver. Defendants were Correction Officers in the Queens House of Detention on October 24, 1970, when, according to plaintiff, they brutally assaulted him. At the trial before Judge Weinstein, at which 11 witnesses testified, two completely different versions of the facts emerged. While the judge deservedly complimented plaintiff's court-appointed counsel for their "magnificent" efforts, he found himself "in a state of equipoise on the matter of probabilities. They are evenly balanced here."

Since plaintiff had not met his burden of persuading the trier of fact by a preponderance of evidence, the judge dismissed the complaint.

On appeal, plaintiff challenges certain critical factual inferences drawn by the judge, which, he argues, were altogether unwarranted by the evidence. Where factual findings are challenged, however, we may not set them aside "unless clearly erroneous." Fed.R.Civ.P. 52(a). Although counsel have continued in this court their zealous and highly competent efforts on plaintiff's behalf, we do not see how we can, on this record, do anything but affirm.

Judgment affirmed.