**ALLEN & COMPANY,**
**Plaintiff-Appellant,**

**v.**

**OCCIDENTAL PETROLEUM**
**CORPORATION, Defendant-Appellee.**

**No. 824, Docket 74–2340.**

United States Court of Appeals,
Second Circuit.

Argued May 15, 1975.

Decided June 23, 1975.

---

John Van Voorhis, New York City (Pollack & Singer, New York City), Samuel N. Greenspoon, New York City (Eaton, Van Winkle & Greenspoon, New York City), of counsel, for appellant.

Louis Nizer, New York City (Phillips, Nizer, Benjamin, Krim & Ballon, New York City, Neil A. Pollio and George Berger, New York City), of counsel, Arthur Groman, Los Angeles, Cal. (Mitchell, Silberberg & Knupp, Los Angeles, Cal.), of counsel, for appellee.

Before SMITH and OAKES, Circuit Judges, and JAMESON, Senior District Judge.*

**J. JOSEPH SMITH, Circuit Judge:**

 Plaintiff Allen & Company, an investment banking concern, appeals from the judgment after trial to the court in the United States District Court for the Southern District of New York, Edward Weinfeld, *Judge,* finding defendant Occidental Petroleum Corporation not liable to plaintiff for alleged breach of contract. The court, which had jurisdiction over the complaint by virtue of the parties' diversity of citizenship, 28 U.S.C. § 1332, premised its judgment for defendant on four alternative grounds: the contract did not come into being for lack of contractual intent; the contract, even assuming contractual intent obtained, was too indefinite to be enforced; the breach of whatever contract may have existed could have caused no loss; and the plaintiff consented or acquiesced in the termination of any contract which may have been formed. 382 F.Supp. 1052 (1974). Judge Weinfeld reached these conclusions based upon his opportunity to listen to and observe witnesses for both sides for 21 trial days in this trial to the court alone. In this tale of attempted purchase of influence in international oil development, the witnesses on both sides were shown to be something less than paragons of virtue, a fact which underscores the importance of the trier's opportunity to assess the credibility of witnesses. According appropriate deference to the findings of fact underlying this experienced trial judge's conclusions of law, *see* Fed.R. Civ.P. 52(a); *Lassiter* v. *Fleming,* 473 F.2d 1374 (2d Cir. 1973) (*per curiam*), we determine that only one of the four independent bases for decision is at all questionable.[1] Accordingly, with that single caveat, we affirm on the basis of the excellent opinion below.

Affirmed.

---

* Of the District of Montana, sitting by designation.

1. Judge Weinfeld found that the parties' failure to specify costs for the contractual undertaking rendered the agreement unenforceable as too indefinite. The court distinguished *Lord* v. *Pathe News, Inc.,* 97 F.2d 508 (2d Cir. 1938), on the view that the instant case, unlike *Lord,* does not present "a situation where prior demonstrated experience in an industry can be drawn upon in deciding what costs are reasonable and may be reasonably incurred, despite initial failure in carrying out or exploiting the purpose of a joint venture." 382 F.Supp. 1052 at 1058. The court in *Lord,* however, may have taken a more indulgent attitude toward parties to a joint venture leaving open terms for future resolution than the district court allowed. More specifically, *Lord* may counsel a greater trust in the parties' discretion, good faith and fairness in carrying out a somewhat open-ended joint venture than the district court in this instance displayed. The district court's conclusion that the contract, if in fact supported by the requisite contractual intent, was in any event unenforceable for lack of certainty in its terms is therefore probably in error as a matter of law. As indicated *infra,* however, the unassailability of the court's other grounds for decision makes this possible error of no consequence to the outcome on appeal.